DANIEL E. WILLIAMS (ISB 3920)
THOMAS, WILLIAMS & PARK, LLP
121 N. 9th St., Ste. 300
P.O. Box 1776
Boise, ID 83701-1776
Telephone: (208) 345-7800
Fax: (208) 345-7894
danw@thomaswilliamslaw.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE STATE OF IDAHO

| | |
|---|---|
| JEFFREY C. PRICE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>FRED MEYER STORES, INC., an Ohio corporation,<br><br>Defendant. | Case No. 4:14-cv-344<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

For his cause of action against Defendant Fred Meyer Stores, Inc., Plaintiff Jeffrey C. Price states and alleges:

**INTRODUCTION**

1. This is an action brought principally under the Americans with Disabilities Act, 42 U.S.C. § 12112(d)(2), as amended by the ADA Amendments Act of 2008, Pub. L. No. 110-325 (2008) (the "ADAAA"), for unlawful discrimination and retaliatory termination.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's federal claims pursuant to, *inter alia*, 42 U.S.C. § 12117 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.

3. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Idaho Human Rights Commission ("IHRC") and has received a Notice of Right to Sue from the EEOC and a Notice of Administrative Dismissal and Right to Sue from the IHRC.

4. This Complaint is timely filed following Plaintiff's receipt of the Notice of Right to Sue and the Notice of Administrative Dismissal and Right to Sue and Plaintiff has exhausted all administrative remedies required.

5. Venue in the Eastern Division of this Court is proper under 28 U.S.C. § 1391(b) and under D.Id.L.Civ.R. 3.1. because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district and division.

## PARTIES

6. Plaintiff Jeffrey C. Price ("Plaintiff") is a citizen of the United States of America and a resident of the city of Idaho Falls, Bonneville County, State of Idaho.

7. Defendant Fred Meyer Stores, Inc. ("Defendant") is an Ohio corporation doing business in Idaho Falls, Bonneville County, Idaho. Defendant employs and has employed for all relevant times more than fifteen (15) employees at its business facility in Idaho Falls and has been an "employer" under 42 U.S.C. § 12111(5)(A).

8. Plaintiff is a qualified individual with a disability for purposes of 42 U.S.C. § 12112(A), in that he has a physical impairment called Keratoconus, which affects the shape of

Plaintiff's eyes. His impairment substantially affects a major life activity, namely Plaintiff's ability to see.

9. In addition to actual knowledge of Plaintiff's impairment, Defendant regarded and treated Plaintiff as a person with an impairment that substantially limited one or more major life activities.

**FIRST CLAIM FOR RELIEF**

(Violations of the ADAAA)

10. Plaintiff incorporates paragraphs 1 through 9 above.

11. From 1996 through 1998, and from January 2008 to July 2012, Plaintiff was employed by Defendant Fred Meyer Stores, Inc. From 1996 to 1998, Plaintiff was employed as a grocery clerk and dairy manager at one of Defendant's retail stores in Washington State. In January, 2008, Defendant rehired Plaintiff as a bakery clerk at its Idaho Falls store. While employed at Defendant's Idaho Falls store, his duties included production of bakery goods, customer service, unpacking goods, stocking shelves, cleaning and closing the bakery department. Plaintiff was hired in 2008 as a part-time employee and moved to full time employment in March, 2010.

12. Throughout his tenure in Idaho Falls, Plaintiff openly discussed his impairment with co-workers and employees of Defendant, some of whom were or became his supervisors within Defendant's business operations.

13. In approximately October 2009, Plaintiff spoke on the telephone with a human resources employee of Defendant named Cindy Baker. Plaintiff informed Ms. Baker that he believed he was being discriminated against due to his "eye disease." Ms. Baker responded that her office did not tell local store managers how to run their stores, and Plaintiff would have to

work it out with his manager. Upon information and belief, Defendant took no further action based on Plaintiff's complaints.

14. In May, 2010, Plaintiff applied for a position on the freight crew. Defendant's grocery manager, Adam Batchelor told Plaintiff, without giving him an opportunity to prove otherwise, that because Plaintiff could not see the tags, he would not receive the position on the freight crew. Plaintiff asked for an accommodation in the form of enlarging the freight receipts so that he could more easily read them, but Batchelor told him that doing so would take too much time.

15. In September 2010, Plaintiff applied for the position of price changer in the health and beauty aids department. Plaintiff again interviewed with Adam Batchelor. Without giving him an opportunity to demonstrate otherwise, Batchelor told Plaintiff that he would not give Plaintiff the job because he could not see well enough to read the tags. Plaintiff requested an accommodation of either more time to look closely at each tag or enlargement of the tags, but his request was summarily denied.

16. In March 2011, Plaintiff applied for the position of bakery manager. Plaintiff interviewed with Brian O'Toole, Defendant's Idaho Falls Store Director. O'Toole told Plaintiff he did not get the position because he did not have cake decorating experience and he could not see the expiration dates on the baked goods and he could not see well enough to read the ordering guides. Plaintiff requested an accommodation that other bakery employees check the dates, but O'Toole would not consider that accommodation. Instead of promoting Plaintiff, Defendant promoted Jenny Hillman to bakery manager, although she had less seniority than Plaintiff and no cake decorating experience. She was provided cake decorating training, which was denied to Plaintiff.

17. In May 2011, Plaintiff applied for the security manager position at Defendant's Richland, Washington store. Plaintiff did not receive that position because Brian O'Toole did not give him a positive recommendation on account of Plaintiff's disability.

18. In July 2011, Plaintiff applied for the assistant manager position in the bakery department of Defendant's Idaho Falls store. After he applied, Plaintiff was told that the posting had been removed. Nevertheless, Defendant gave the position to Lisa Ybarra.

19. In September 2011, Plaintiff suffered injuries in a bicycle accident. Defendant provided him with leave until January 2012, when he returned. Upon his return, however, his hours were reduced from 40 to 35 per week. Plaintiff was informed that this reduction in hours was due to him being replaced while on leave.

20. On other occasions, O'Toole belittled Plaintiff and told him he had no future with Defendant because of his eye condition. On one such occasion in February 2012, O'Toole instructed Plaintiff to clean the display case. O'Toole came back later with two other managers, Adam Batchelor and Dave Moser, said that Plaintiff could not see well enough to clean the front of the case and told the two managers to clean it.

21. In May 2012, Plaintiff complained to O'Toole and expressed his frustration about having been passed over for promotions and raises. Plaintiff also wrote O'Toole a letter dated May 22, 2012, in which he set forth his position and outlined possible solutions. O'Toole dismissed Plaintiff's complaints and told him that the reason he was never promoted was that he could not see well enough.

22. After providing the May 22, 2012 letter to O'Toole, Plaintiff was subjected to heightened scrutiny of his work.

23. Finally, on July 15, 2012, Plaintiff was shopping at Defendant's Idaho Falls store with his brother. Plaintiff wanted to purchase a patio heater for himself, but found himself short on cash. His brother agreed to lend him the money to purchase the heater, so they went through the checkout line and purchased the heater. Plaintiff used his employee discount in the purchase.

24. Defendant claims to have a policy that employees and their immediate family members–defined as spouses, domestic partners and dependent children–may use the employee discount. It does not state that an employee may not borrow and use someone else's money to purchase an item for himself. Nevertheless, Defendant terminated Plaintiff on July 20, 2012, for a purported violation of the employee discount policy. Defendant's termination was pretextual and was actually motivated by retaliation for Plaintiff's recent complaints regarding disability discrimination.

25. As a result of Defendant's intentional acts set forth herein, Plaintiff suffered past and future wage loss, loss of benefits, severe emotional distress, mental pain and anguish, embarrassment, loss of dignity and self-esteem, humiliation and loss of enjoyment in life.

26. Defendant's actions described herein were done with actual malice, intentional wrongdoing, and/or with a wanton and willful disregard for the rights of Plaintiff, constituting deliberate acts with knowledge of a high degree of probability of harm to Plaintiff and reckless indifference to the consequences of the acts. Accordingly, punitive damages are justified to punish defendant and to prevent similar conduct in the future.

## SECOND CLAIM FOR RELIEF

(Violation of the Family Medical Leave Act)

27. Plaintiff incorporates paragraphs 1 through 26 above.

28. After being on leave from September 2011 through January 2012, Defendant failed to restore Plaintiff to the same or equivalent position by reducing his weekly work hours in violation of 29 U.S.C. § 2614(a)(1)(B). As set forth at 29 C.F.R. § 825.214(a), "[an] employee is entitled to reinstatement even if the employee has been replaced or his or her position has been restructured to accommodate the employee's absence."

29. Plaintiff is entitled to damages equal to the amount of lost compensation pursuant to 29 U.S.C. § 2617(a)(1)(A)(i)(I), as well as prejudgment interest, liquidated damages, attorney fees, expert witness fees and other costs.

## ATTORNEY FEES

As a direct result of the above-described unlawful employment practices of Defendants, Plaintiff has been required to obtain legal counsel and is entitled to recover reasonable costs and attorney's fees pursuant to, *inter alia*, 42 U.S.C. § 12205, 29 U.S.C. § 2617(a)(3).

## PRAYER

WHEREFORE, Plaintiff Jeffrey C. Price respectfully requests:

A. An Order requiring Defendant to make Plaintiff whole by providing back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices;

B. An Order requiring Defendant to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial;

C. An Order requiring Defendant to make Plaintiff whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practice;

D. An Order requiring Defendants to pay liquidated damages;

E. An Order punishing Defendant by providing punitive damages for Defendant's malicious and reckless conduct as described above, in amounts to be determined at trial.

F. Award Plaintiff his reasonable attorney's fees.

G. Award Plaintiff his costs of this action.

H. Grant such further relief as the Court deems necessary and proper.

**JURY DEMAND**

Plaintiff hereby demands a Trial by Jury on all issues.

DATED this 19th day of August, 2014.

THOMAS, WILLIAMS & PARK, LLP

Daniel E. Williams
Attorneys for Plaintiff